**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THAYER HAMDALLA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-3348** |
| **DARREL VANNOY, WARDEN** | **SECTION "G"(5)** |

## ORDER AND REASONS

Before the Court are Petitioner Thayer Hamdalla's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge recommended that the petition be dismissed with prejudice.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation, and dismisses this action with prejudice.

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 1.

[3] Rec. Doc. 11.

[4] Rec. Doc. 12.

# I. Background

## A.   *Factual Background*

On November 12, 2009, Petitioner was charged by a Bill of Information filed in the Criminal District Court for the Parish of Orleans with forcible rape in violation of Louisiana Revised Statute § 14:42.1.[5] On January 19, 2012, a jury found Petitioner guilty as charged.[6] On April 12, 2012, the State filed a Multiple Offender Bill of Information charging Petitioner as a second felony offender.[7] On May 31, 2012, the trial court sentenced Petitioner to 40 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.[8] The same day, following a multiple-offender adjudication, the trial court vacated the original sentence and sentenced Petitioner as a second felony offender to 80 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.[9] On October 2, 2013, the Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[10] The Louisiana Supreme Court denied Petitioner's related writ application on April 25, 2014.[11]

On May 29, 2015, Petitioner filed an application for post-conviction relief with the state trial court.[12] The trial court denied the application on March 3, 2016.[13] On June 23, 2016, the

---

[5] State Rec., Vol. I of VII, Bill of Information, Nov. 12, 2009.

[6] State Rec., Vol. IV of VII, Jury Verdict, Jan. 19, 2012.

[7] State Rec., Vol. I of VII, Multiple Offender Bill of Information, Apr. 12, 2012.

[8] State Rec., Vol. V of VII, Sentencing Transcript, May 31, 2012.

[9] *Id*.

[10] *State v. Hamdalla*, 2012-1413 (La. App. 4 Cir. 10/2/13), 126 So. 3d 619.

[11] *State v. Hamdalla*, 2013-2587 (La. 4/25/14), 138 So. 3d 642.

[12] State Rec., Vol. II of VII, Application for Post-Conviction Relief, May 29, 2015.

[13] State Rec., Vol. I of VII, State District Court Judgment, Mar. 3, 2016.

Louisiana Fourth Circuit Court of Appeal denied Petitioner's related writ application.[14] On February 2, 2018, the Louisiana Supreme Court also denied Petitioner's related writ application.[15]

On March 28, 2018, Petitioner filed the instant federal habeas petition.[16] In the petition, Petitioner raises the following grounds for relief: (1) there was insufficient evidence to support his conviction; (2) he received ineffective assistance of counsel because his counsel failed to prepare for trial and failed to allow Petitioner to testify at trial; (3) his sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment; and (4) the trial court's admission of hearsay testimony violated his right to due process.[17]

On July 6, 2018, the State filed a response to the habeas petition.[18] The State contends that Petitioner's claim that his counsel performed ineffectively by failing to prepare for trial is procedurally barred for failure to exhaust state remedies.[19] The State further contends that Petitioner's claim the trial court misapplied Louisiana law in admitting hearsay testimony is not cognizable on federal habeas review, and any claim that the erroneous admission of hearsay testimony violated federal law is not exhausted.[20] Finally, the State argues that all remaining claims should be dismissed on the merits.[21]

---

[14] *State v. Hamdalla*, 2016-0559 (La. App. 4 Cir. 6/23/16) (unpublished); State Rec., Vol. VI of VII.

[15] *State v. Hamdalla*, 2016-1387 (La. 2/2/18), 234 So. 3d 874 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[16] Rec. Doc. 1.

[17] *Id.*

[18] Rec. Doc. 10.

[19] *Id.*

[20] *Id.*

[21] *Id.*

### B.      Report and Recommendation Findings

The Magistrate Judge recommends that this Court dismiss the petition with prejudice.[22] As an initial matter, the Magistrate Judge addressed the State's contention that Petitioner failed to exhaust state court remedies with respect to certain claims.[23] The Magistrate Judge found that Petitioner failed to exhaust his claim that his counsel performed ineffectively by failing to prepare for trial.[24] The Magistrate Judge found that federal review of this claim is procedurally barred unless Petitioner can show a cause for his default and resulting prejudice or the Court's failure to consider his claims would result in a "fundamental miscarriage of justice."[25] The Magistrate Judge noted that Petitioner offered no justification to establish cause for his procedural default.[26] Further, the Magistrate Judge determined that Petitioner's procedural default could not be excused under the "fundamental miscarriage of justice" exception because Petitioner had not made a colorable showing of actual innocence.[27] Accordingly, the Magistrate Judge recommended that Petitioner's claim that his counsel performed ineffectively by failing to prepare for trial be dismissed with prejudice as procedurally barred.[28]

---

[22] Rec. Doc. 11.

[23] *Id*. at 5–10. The State also argued that Petitioner failed to exhaust his claim that the trial court's admission of hearsay testimony violated federal law. *Id*. at 7. The Magistrate Judge noted that the issue did appear to be exhausted and recommended that the claim be considered on the merits. *Id*.

[24] *Id*. at 8. This claim includes sub-claims that counsel only visited Petitioner once, failed to cross-examine the victim's mother, failed to present any defense witnesses, and failed to subject the State's case to meaningful adversarial testing.

[25] *Id*. at 9 (citing *Bagwell v. Dretke*, 372 F.3d 748, 756–57 (5th Cir. 2004)).

[26] *Id*.

[27] *Id*. at 10.

[28] *Id*.

The Magistrate Judge considered Petitioner's remaining claims on their merits. First, the Magistrate Judge considered Petitioner's claim that the evidence was insufficient to support his conviction for forcible rape.[29] The Magistrate Judge noted that under Louisiana law the elements of forcible rape are: (1) an act of vaginal, oral or anal intercourse; (2) without the lawful consent of the victim; and (3) where the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.[30] The Magistrate Judge found that the victim's testimony satisfied the elements of forcible rape.[31] Therefore, the Magistrate Judge recommended that the Court find that Petitioner is not entitled to relief on this claim.[32]

Second, the Magistrate Judge considered Petitioner's claim that he received ineffective assistance of counsel when his counsel failed to allow him to testify at trial.[33] The Magistrate Judge acknowledged that a defendant has a fundamental constitutional right to testify, but noted that a habeas petitioner must offer more evidence to support such a claim than a mere statement that he told his trial attorney he wanted to testify and the attorney refused to allow him to testify.[34] The Magistrate Judge further noted that the decision on whether a criminal defendant should testify is one of trial strategy and that under *Strickland*, courts are generally not to second-guess an

---

[29] *Id.* at 13–20.

[30] *Id.* at 17 (citing La. Rec. Stat. 14:42.1; La. Rev. Stat. § 14:41; *State v. Richardson*, 425 So. 2d 1228, 1231 (La. 1983)).

[31] *Id.* at 19–20.

[32] *Id.* at 20.

[33] *Id.*

[34] *Id.* at 23–24.

attorney's decisions on trial strategy.[35] The Magistrate Judge pointed out that had Petitioner testified at his trial, he would have been subject to extensive cross examination, including questions concerning his prior criminal history, which could have undermined his credibility.[36] Further, the Magistrate Judge noted that Petitioner's attorney strategically considered that the potential harm from Petitioner testifying could outweigh the benefits, and it appeared Petitioner acquiesced in that decision.[37] The Magistrate Judge concluded that Petitioner had not established that his attorney's advice against testifying was unreasonable or that the result of the trial would have been different but for counsel's decision to present the defense without Petitioner's testimony.[38]

Next, the Magistrate Judge addressed Petitioner's claim his 80-year sentence was excessive.[39] The Magistrate Judge noted that the sentence was the maximum sentence allowed under Louisiana law.[40] The Magistrate Judge found that the sentence reflected the seriousness of the offense and Petitioner's significant prior criminal conduct.[41] Considering these factors, Magistrate Judge concluded that Petitioner's sentence was not grossly disproportionate or constitutionally excessive under federal law.[42]

---

[35] *Id.* at 25.

[36] *Id.*

[37] *Id.* at 25–26.

[38] *Id.* at 26.

[39] *Id.*

[40] *Id.* at 35.

[41] *Id.* at 36.

[42] *Id.* at 39.

Finally, the Magistrate Judge addressed Petitioner's claim that the trial court erroneously admitted hearsay testimony from the victim's mother in violation of his right to due process and a fair trial.[43] The Louisiana Fourth Circuit Court of Appeal rejected this claim on direct appeal because although the testimony was improperly admitted, such error was harmless because the evidence was cumulative of other admissible testimony.[44] The Magistrate Judge noted that when a state court has found a constitutional error to be harmless, a petitioner seeking federal court review must meet the standard in *Brech v. Abrahamson*, which provides that habeas relief is only warranted "if the error 'had substantial and injurious effect or influence in determining the jury's verdict.'"[45] The Magistrate Judge found that the State's case primarily rested on the victim's own testimony, the hearsay testimony was not crucial in the context of the trial as a whole, and the strength of the State's case would not have been undermined if the hearsay had been properly excluded.[46] The Magistrate Judge recommended that this Court defer to the state court's harmless error determination because it was not unreasonable.[47]

## II. Objections

### A.   *Petitioner's Objections*

Petitioner raises four objections to the Magistrate Judge's Report and Recommendation.[48] First, Petitioner argues that the Magistrate Judge erred in recommending that the sufficiency of the

---

[43] *Id.* at 39.

[44] *Id.* at 42.

[45] *Id.* at 43 (quoting 507 U.S. 619, 623 (1993)).

[46] *Id.* at 45.

[47] *Id.*

[48] Rec. Doc. 12.

evidence claim be denied.[49] Second, Petitioner asserts that the Magistrate Judge erred in recommending that Petitioner was not denied his right to effective assistance of counsel when his trial counsel failed to prepare for trial and denied Petitioner the right to testify.[50] Third, Petitioner contends that the Magistrate Judge erred in recommending that the excessive sentence claim be denied.[51] Fourth, Petitioner argues that the Magistrate Judge erred in recommending that the claim regarding the introduction of prejudicial hearsay testimony be denied.[52]

First, Petitioner argues that his sufficiency of the evidence claim has merit.[53] Petitioner asserts that the State failed to prove that the sexual interaction occurred without consent, and through the use of force or threats of violence, such that the victim was reasonable in her belief that resistance would not prevent the sexual encounter.[54] According to Petitioner, the Magistrate Judge ignored that "the Louisiana Fourth Circuit Court of Appeal applied an incorrect extrapolation of federal jurisprudence when it determined that under the *Jackson* standard, the only avenue for relief for [Petitioner] would be if the jury's decision to convict was based on wholly implausible evidence or testimony."[55] Petitioner asserts that the question is not whether the victim's testimony was believable, but whether it actually proved all elements of forcible rape.[56] Petitioner argues that the victim's testimony revealed that at no time did she tell Petitioner to stop

---

[49] *Id.* at 1.

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.* at 2.

[54] *Id.*

[55] *Id.* at 4.

[56] *Id.*

or that she was not interested in his sexual advances.[57] Therefore, Petitioner argues that there was no evidence to show that Petitioner used force or that he threatened the victim.[58]

Next, Petitioner claims he received ineffective assistance of counsel.[59] Petitioner asserts that his counsel was ineffective by failing to prepare for trial and by not allowing Petitioner to testify at trial.[60] Petitioner claims that the Magistrate Judge erred in concluding that Petitioner's sub-claim that counsel failed to prepare was procedurally barred because "any claim of [ineffective assistance of counsel] automatically includes the idea that trial counsel failed to prepare for trial and failed to subject the prosecution's case to meaningful adversarial testing."[61] Petitioner asserts that "[t]his distinction would have been made clear had the trial court granted an evidentiary hearing."[62] Petitioner further argues that even if the claim is procedurally barred, he is entitled to consideration on the merits because he is asserting actual innocence, and a fundamental miscarriage of justice can be proven if he can show, "as a factual matter, he did not commit the crime for which he was convicted."[63] Petitioner also claims that his trial counsel prevented him from testifying at trial.[64] Petitioner contends that he was not able to present more evidence to support his claim because state the trial court denied his request for an evidentiary hearing.[65]

---

[57] *Id.* at 5.

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id*.

[62] *Id.* at 5–6.

[63] *Id.* at 6 (citing *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001)).

[64] *Id.*

[65] *Id.* at 7.

Petitioner asserts that he was prevented from testifying by his trial counsel, he has been further prevented from building a record by the trial court's denial of an evidentiary hearing, and the state court decision in this matter is contrary to clearly established Supreme Court precedent.[66]

Third, Petitioner asserts that his sentence was excessive and grossly disproportionate to the gravity of the offense.[67] Petitioner argues that the 80-year sentence "is excessive, arbitrary, capricious and disproportionate based on the facts alleged and the crime charge."[68] Petitioner argues that the Magistrate Judge erred by focusing on the Louisiana Fourth Circuit Court of Appeal's recitation of Petitioner's prior arrests rather than the facts of the instant matter.[69]

Finally, Petitioner argues that the state court's decision to allow inadmissible hearsay testimony from the victim's mother violated his due process rights.[70] Petitioner argues that the Louisiana Fourth Circuit's analysis of the Rules of Evidence was incorrect because hearsay testimony is not admissible to corroborate another witness' statements at trial.[71] Petitioner asserts that fair-minded jurists would not disagree that the testimony was inadmissible and prejudiced the defense.[72]

**B.    State's Opposition**

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

---

[66] *Id.* at 9.

[67] *Id.*

[68] *Id.*

[69] *Id.* at 11.

[70] *Id.*

[71] *Id.* at 12.

[72] *Id.* 12–13.

## III. Standard of Review

### A.     Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[73] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[74] The District Court's review is limited to plain error for parts of the report which are not properly objected to before imposing sentence.[75]

### B.     Standard of Review Under the AEDPA

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[76] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[77] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an

---

[73] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[74] Fed. R. Civ. P. 72(b)(3).

[75] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[76] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[77] 28 U.S.C. § 2254(d)(2).

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[78]

> Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:
>
> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[79]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[80] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[81]

## IV. Law and Analysis

Petitioner raises four objections to the Magistrate Judge's Report and Recommendation.[82] First, Petitioner argues that the Magistrate Judge erred in recommending that the sufficiency of the evidence claim be denied.[83] Second, Petitioner asserts that the Magistrate Judge erred in

---

[78] 28 U.S.C. § 2254(d)(1).

[79] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[80] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[81] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[82] Rec. Doc. 12.

[83] *Id.* at 1.

recommending that Petitioner was not denied his right to effective assistance of counsel when his trial counsel failed to prepare for trial and denied Petitioner the right to testify.[84] Third, Petitioner contends that the Magistrate Judge erred in recommending that the excessive sentence claim be denied.[85] Fourth, Petitioner argues that the Magistrate Judge erred in recommending that the claim regarding the introduction of prejudicial hearsay testimony be denied.[86] The Court addresses each of these issues in turn.

**A.    *Sufficiency of the Evidence Claim***

Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on his sufficiency of the evidence claim.[87] Petitioner asserts that the State failed to prove that the sexual interaction occurred without consent, and through the use of force or threats of violence, such that the victim was reasonable in her belief that resistance would not prevent the sexual encounter.[88] Therefore, Petitioner claims that no reasonable juror could have found him guilty of forcible rape.[89]

In *Jackson v. Virginia*, the Supreme Court held that an "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[90] As the Supreme Court explained:

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the

---

[84] *Id.*

[85] *Id.*

[86] *Id*.

[87] *Id*. at 2.

[88] *Id.*

[89] *Id*. at 3.

[90] 443 U.S. 307, 324 (1979).

> relevant question is whether, after viewing the evidence in the light most favorable
> to the prosecution, *any* rational trier of fact could have found the essential elements
> of the crime beyond a reasonable doubt.[91]

It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the

evidence, and to draw reasonable inferences from basic facts to ultimate facts."[92] Thus, "[t]he

jury's finding of facts will be overturned only when necessary to preserve the fundamental

protection of due process of law."[93] The Supreme Court has recognized that "the assessment of

the credibility of witnesses is generally beyond the scope of [habeas] review."[94]

Petitioner contends the State did not prove all of the elements of forcible rape. At the time

of Petitioner's conviction, Louisiana Revised Statue § 14:42.1 defined forcible rape as "anal, oral,

or vaginal sexual intercourse" committed "without the lawful consent of the victim because . . .

the victim is prevented from resisting the act by force or threats of physical violence under

circumstances where the victim reasonably believes that such resistance would not prevent the

rape."[95] Therefore, to obtain a conviction for forcible rape, the State had the burden of proving:

(1) an act of vaginal, oral or anal intercourse; (2) without the lawful consent of the victim; and (3)

where the victim is prevented from resisting the act by force or threats of physical violence under

circumstances where the victim reasonably believes that such resistance would not prevent the

rape.[96]

---

[91] *Id.* at 319 (emphasis in original) (quotations and citations omitted).

[92] *Id.*

[93] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (quotations and citations omitted).

[94] *Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[95] La. Rev. Stat. § 14:42.1 (1997).

[96] *Id. See also State v. Richardson*, 425 So. 2d 1228, 1231 (La. 1983).

Petitioner asserts that the Louisiana Fourth Circuit Court of Appeal erred in finding that the evidence was sufficient to support the conviction because the victim's testimony was not believable.[97] Petitioner argues that even if the victim's testimony was believable, it was not sufficient to prove all of the elements of forcible rape.[98] Specifically, Petitioner asserts that the State failed to prove that the sexual interaction occurred without consent, and through the use of force or threats of violence, such that the victim was reasonable in her belief that resistance would not prevent the sexual encounter.[99]

Petitioner's assertion is not supported by the record. Under Louisiana law, "the testimony of a victim, alone, is sufficient to establish the elements of the offense of forcible rape, even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant."[100] Actual resistance is not required to sustain a forcible rape conviction.[101] Instead, "all that is necessary is that the victim be prevented from resisting by force or threats of physical harm to such an extent that she reasonably believed resistance to be futile."[102] A review of the trial transcript reveals the victim's testimony, which the jury found credible, established all of the elements of forcible rape.

At the time of the instant offense, Petitioner was a taxicab driver who picked up the victim from a nightclub. During the ride, Petitioner invited the victim to sit in the front seat and she

---

[97] Rec. Doc. 12 at 4.

[98] *Id.*

[99] *Id.* at 2.

[100] *State v. Armstead*, 2011-1344 (La. App. 4 Cir. 7/25/12), 98 So. 3d 891, 894, *writ denied*, 2012-1881 (La. 3/8/13), 109 So. 3d 355 (citing *State v. Lewis*, 97–2854 (La. App. 4 Cir. 5/19/99), 736 So. 2d 1004, 1023).

[101] *State v. Carter*, 2014-926 (La. App. 3 Cir. 4/1/15), 160 So. 3d 647, 654, *writ denied*, 2015-0859 (La. 6/17/16), 192 So. 3d 770 (internal citations omitted).

[102] *Id.*

agreed.[103] After she moved to the front seat, the victim testified that Petitioner began to take strange turns and was not going in the direction of her home.[104] Petitioner eventually pulled over in a dark area near some warehouses.[105] The victim testified that she feared Petitioner was going to force her out of the taxicab.[106] The victim stated that Petitioner began to touch her vagina under her dress.[107] She tried to push Petitioner away but was unable to do so.[108] The victim testified: "I was scared. I wanted . . . to tell him to stop, but I just couldn't. I couldn't speak."[109] Then, the victim testified that Petitioner grabbed her hand and made her touch his penis.[110] She testified that she was afraid of getting out of the car in that bad area because she thought something worse might happen.[111] The victim testified that Petitioner then "grabbed" her head "and forced it down onto his penis."[112] She stated that she tried to resist away, but Petitioner was too strong.[113] The victim testified that she did not consent to the sexual encounter.[114]

---

[103] State Rec., Vol. V of VII, Trial Tr. at p. 115.

[104] Id. at 115–16.

[105] Id. at 116.

[106] Id.

[107] Id. at 116–17.

[108] Id. at 117.

[109] Id. at 117–18.

[110] Id. at 118–19.

[111] Id. at 119.

[112] Id. at 120–21.

[113] Id. at 120.

[114] Id.

This testimony satisfied the elements of forcible rape. The oral intercourse occurred without the victim's lawful consent. The victim was prevented from resisting when Petitioner grabbed her arm and head, thus using force to commit the sexual act. Based on the victim's testimony, the jury could have concluded that the victim was prevented from resisting the act by force under circumstances where the victim reasonably believed that further resistance would not prevent the rape.[115] On federal habeas review, this Court cannot judge the credibility of the witness, because credibility determinations are the exclusive province of the jury.[116] When the evidence in this case is viewed in the light most favorable to the prosecution, it cannot be said that the guilty verdict was irrational. Accordingly, the Court concludes that the state court's denial of relief on this issue was not contrary to, or an unreasonable application of, clearly established federal law.

**B.      *Ineffective Assistance of Counsel Claim***

Petitioner objects to the Magistrate Judge's determination that Petitioner's claim of ineffective assistance of counsel based on his attorney's failure to prepare for trial is procedurally barred for failing to exhaust available state-court remedies.[117] Petitioner also objects to the Magistrate Judge's rejection of his claim of ineffective assistance of counsel based on his claim that his attorney prevented Petitioner from testifying at his trial.[118]

### 1.      Ineffective Assistance of Counsel for Failure to Prepare for Trial

The Magistrate Judge found that Petitioner's claim that his counsel performed ineffectively by failing to prepare for trial is procedurally barred because the claim was not specifically raised

---

[115] La. Rev. Stat. § 14:42.1 (1997).

[116] *United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2004) (citing *United States v. Garcia*, 995 F2d 556, 561 (5th Cir. 1993)).

[117] Rec. Doc. 12 at 5–6.

[118] *Id*. at 6–9.

before the state court.[119] In objection, Petitioner argues that "any claim of [ineffective assistance of counsel] automatically includes the idea that trial counsel failed to prepare for trial and failed to subject the prosecution's case to meaningful adversarial testing."[120]

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[121] A petitioner must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing on his constitutional claim."[122] "It is not enough that all the facts necessary to support the federal claim were before the state courts."[123]

Petitioner does not dispute that his attorney did not present his claim for ineffective assistance of counsel for failing to prepare for trial in his state-court proceedings.[124] Instead, Petitioner argues that any ineffective assistance of counsel claim "automatically includes the idea that trial counsel failed to prepare for trial and failed to subject the prosecution's case to meaningful adversarial testing."[125] The Fifth Circuit has stated that "distinct ineffective assistance claims" are treated separately and that "[e]xhaustion 'require[s] a state prisoner to present the state court with *the same claim* he urges upon the federal courts.'"[126] Because Petitioner did not raise this claim on post-conviction relief and because the state courts would reject as successive any new post-

---

[119] Rec. Doc. 11 at 8–10.

[120] Rec. Doc. 12 at 5.

[121] *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

[122] *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).

[123] *Id.*

[124] Rec. Doc. 12 at 5.

[125] *Id.*

[126] *Wilder v. Cockrell*, 274 F.3d 255, 261 (5th Cir. 2001).

conviction application from Petitioner on this issue, Petitioner is procedurally barred from asserting this claim before this Court.[127] Petitioner argues that even if this claim is procedurally barred, this Court should consider it under the exception that failure to consider the claim would result in a fundamental miscarriage of justice.[128]

A procedurally-barred claim may be considered by a federal habeas court if failure to do so would result in a fundamental miscarriage of justice.[129] To satisfy this requirement, a petitioner must make "a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted."[130] Indeed, Petitioner must show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."[131]

In the instant matter, Petitioner was convicted of forcible rape by a jury, and although Petitioner argues the evidence was insufficient to prove the essential elements, as discussed above, the jury found the victim's testimony credible. Contrary to Petitioner's assertions that he did not use force or threats against the victim,[132] the trial transcript reveals that the victim testified that Petitioner grabbed her arm to make her touch his penis, Petitioner grabbed her "head and forced it

---

[127] The Louisiana Supreme Court found that Petitioner had "fully litigated his application for post-conviction relief in state court . . . [and] unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, [Petitioner] has exhausted his right to state collateral review." *State v. Hamdalla*, 2016-1387, 234 So. 3d 874.

[128] Rec. Doc. 12 at 6.

[129] *Bagwell v. Dretke*, 372 F.3d 748, 756–57 (5th Cir. 2004).

[130] *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

[131] 28 U.S.C. § 2254(e)(2)(B).

[132] Rec. Doc. 12 at 5.

down onto his penis," and that the victim attempted to pull away, "but [Petitioner] was too strong."[133] Accordingly, the Court concludes that Petitioner has presented no evidence to show his actual innocence and finds Petitioner has failed to overcome the procedural bar to his claim that his counsel was ineffective for failing to prepare for trial.[134]

### 2.    Ineffective Assistance of Counsel for Preventing Petitioner from Testifying

Petitioner also claims that his trial counsel prevented him from testifying at his trial. The Fifth Circuit has held that a "defendant's right to testify is secured by the Constitution and only he can waive it."[135] A defendant's lawyer cannot waive the defendant's right to testify.[136] The "appropriate vehicle" for asserting a claim that his own "attorney interfered with his right to testify, not that the state trial court (or prosecutor) did so . . . is a claim of ineffective assistance of counsel."[137]

---

[133] State Rec., Vol. 5 of 7, Trial Transcript at 119.

[134] Even if the Court were to consider the claim on the merits, Petitioner has not demonstrated that he is entitled to relief on this claim. *Taylor v. Thaler*, 397 F. App'x 104, 107 (5th Cir. 2010) (quoting *Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir. 2004) ("We pretermit discussing the procedural defaults, as Taylor's 'claim[s] can be resolved more easily' on the merits."). Petitioner argues that his counsel only visited him one time approximately a week prior to trial and did not prepare for trial because he believed Petitioner would accept a plea deal. Rec. Doc. 1-1 at 17. Petitioner notes that his counsel failed to cross-examine the victim's mother and he failed to call any witnesses for the defense. *Id.* As the Fifth Circuit has recognized, "[c]laims that counsel failed to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain." *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010). To prevail on such a claim, a petitioner must show prejudice "by naming the witness, demonstrating that the witness was available to testify and would have done so, setting out the content of the witness's proposed testimony, and showing that the testimony would have been favorable to a particular defense." *Id.* (quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Apart from arguing that his counsel should have called Petitioner to testify in his own defense, which is discussed in more detail below, Petitioner does not name any other witnesses that could have testified for the defense. Additionally, even assuming that counsel performed deficiently by failing to cross-examine the victim's mother, Petitioner has not demonstrated a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

[135] *U.S. v. Mullins*, 315 F.3d 449, 454 (5th Cir. 2002).

[136] *Id.*

[137] *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001).

To succeed on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that such deficient performance prejudiced his defense.[138] If a court finds that a petitioner fails on either prong, it may dispose of the ineffective assistance of counsel claim without addressing the other prong.[139] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[140] A petitioner must show that counsel's conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[141] Courts considering this prong of the test must consider the reasonableness of counsel's actions in light of all the circumstances.[142] To prevail on the prong that counsel's deficient conduct resulted in actual prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[143] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[144]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—

---

[138] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[139] *Id.*

[140] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[141] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[142] *See Strickland*, 466 U.S. at 689.

[143] *Id.* at 694.

[144] *Id.*

a substantially higher threshold."[145] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[146] Thus, this standard is considered "doubly deferential" on habeas corpus review.[147]

To prevail on a claim that Petitioner's defense counsel was ineffective for preventing Petitioner from testifying, Petitioner must put forward something more than his own conclusory assertions.[148] "Some greater particularity is necessary—and . . . some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify—to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim."[149]

In the instant matter, Petitioner does not present any evidence to support his conclusory assertion that he wanted to testify but his counsel prevented him from doing so. Petitioner argues that he was unable to further develop this claim because the state trial court denied him an evidentiary hearing.[150] However, the record does not demonstrate that Petitioner ever attempted to present any evidence to support his allegation that he wanted to testify but his trial counsel refused

---

[145] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[146] *Id.*

[147] *Id.*

[148] *United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999) ("Courts have observed that allowing a bare assertion of a right-to-testify violation to precipitate the further investment of judicial resources is problematic."). *See also Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991) (stating that a conclusory assertion by a defendant that he was denied the right to testify was is insufficient to require a hearing).

[149] *Underwood*, 939 F.2d at 476.

[150] Rec. Doc. 12 at 6–7.

his request.[151] Therefore, Petitioner has not presented any evidence to establish that his counsel performed deficiently.[152]

Even assuming deficient performance, Petitioner must also meet the second prong of *Strickland* which requires a showing of "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[153] Petitioner must "show that he was prejudiced by his counsel's failure to leave to him the final decision of whether he ought to testify."[154]

Petitioner claims that he wanted to testify to refute the victim's testimony and to prove the sexual encounter was consensual. However, if Petitioner had taken the stand he would have been subjected to cross examination, including questions about Petitioner's prior criminal history, which could have undermined his credibility and bolstered the testimony of the victim. As the Fifth Circuit found in *Mullins*, this Court "can say only that his testimony *might* have persuaded [the

---

[151] Under Louisiana law, a court can summarily dismiss an application for post-conviction relief "[i]f the court determines that the factual and legal issues can be resolved based upon the application and answer, and supporting documents, including relevant transcripts, depositions, and other reliable documents submitted by either party or available to the court. . . ." La. Code Cr. Pro. art. 929. Petitioner did not present any evidence to the state court to support his assertion that counsel denied Petitioner's request to testify. Therefore, the state court denied the claim without holding an evidentiary hearing.

[152] Petitioner cited the Fifth Circuit's decision in *Jordan v. Hargett*, 34 F.3d 310, 314 (5th Cir. 1995), to support his assertion that he was not required to personally make a record of his desire to testify. The panel opinion in *Jordan* was vacated by the Fifth Circuit en banc. *Jordan v. Hargett*, 53 F.3d 94, 95 (5th Cir. 1995). Furthermore, even assuming that the panel opinion in *Jordan* is still good law, it does not stand for the broad proposition that Petitioner suggests. In *Jordan*, a three-judge panel of the Fifth Circuit stated that "a defendant's failure to make a record of his desire to testify against his counsel's wishes is [not] always fatal" to an ineffective assistance of counsel claim. 34 F.3d at 314. The panel was referring to the failure to make a record of the desire to testify during trial, not to the failure to present evidence to support a habeas claim. In *Jordan*, the federal magistrate judge conducted an evidentiary hearing and made the factual finding that the defendant had repeatedly requested to testify at trial. *Id.* at 312. The Fifth Circuit panel held that the district court erred in rejecting the magistrate judge's recommendation without conducting its own evidentiary hearing. *Id. Jordan* was decided before the enactment of the AEDPA, which limits review to "the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[153] *Strickland*, 466 U.S. at 695.

[154] *Mullins*, 315 F.3d at 457.

jury], but not that there is a reasonable probability that it would have done so."[155] Accordingly, even assuming Petitioner's counsel's performance was defective, Petitioner has not shown that the outcome of the trial would have been different if Petitioner had testified at trial. Therefore, Petitioner has not demonstrated that the state court's decision rejecting this ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## C.    *Excessive Sentence Claim*

The Magistrate Judge found Petitioner's claim that his sentence was excessive unavailing because Petitioner's sentence fell within the range provided by law[156] and it was not grossly disproportionate to the crime.[157] Petitioner objects to the Magistrate Judge's determination, arguing the sentence violated the Eighth Amendment because "the sentence is excessive, arbitrary, capricious and disproportionate based on the facts alleged and the crime charged."[158]

The Eighth Amendment "preclude[s] a sentence that is greatly disproportionate to the offense, because such sentences are cruel and unusual."[159] This Court must "initially make a threshold comparison of the gravity of [the defendant's] offenses against the severity of [the defendant's] sentence."[160] If the sentence is not grossly disproportionate to the crime, the inquiry is finished.[161] However, if the Court infers from this comparison "that the sentence is grossly

---

[155] *Id*. at 456.

[156] Rec. Doc. 11 at 30.

[157] *Id*. at 35.

[158] Rec. Doc. 12 at 9.

[159] *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992) (quotations and citations omitted).

[160] *Id*. at 316.

[161] *United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir. 1997).

disproportionate to the offense," then it must "compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions."[162] "Although wide discretion is accorded a state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law."[163] The Fifth Circuit has "recognized, following guidance from the Supreme Court, that successful Eighth Amendment challenges to prison-term lengths will be rare."[164]

Petitioner contends his sentence is excessive and violated the Eighth Amendment because it is the maximum sentence allowed by statute, and is disproportionate to the facts of this crime.[165] Petitioner was convicted of forcible rape, which carries a penalty of five to forty years imprisonment with at least two years served without benefit of probation, parole, or suspension of sentence.[166] The trial court sentenced Petitioner to the maximum, forty years imprisonment. Petitioner was subsequently adjudicated a second felony offender and his sentence was enhanced to eighty years under Louisiana's Habitual Offender Law.[167]

In considering this claim, the Louisiana Fourth Circuit Court of Appeal noted the painstaking effort by the trial court in evaluating Louisiana's sentencing factors and reviewing

---

[162] *McGruder*, 954 F.2d at 316.

[163] *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987) (citations omitted).

[164] *United States v. Hebert*, 813 F.3d 551, 566 (quoting *United States v. Harris*, 566 F.3d 422, 436 (5th Cir. 2009)).

[165] Rec. Doc. 11 at 26.

[166] La. Rev. Stat. § 14:42.1(B).

[167] La. Rev. Stat. § 15:529.1.

Petitioner's extensive criminal history.[168] The Louisiana Fourth Circuit stated that it was "satisfied that [the district judge] fully complied with the directive of Article 894.1 and customized the sentence in this matter both to the severity of this offense and to this offender."[169] The court concluded that the imposition of the maximum sentence in this case was not "outrageous and shocking to the sense of justice or that [Petitioner] should not be classified as among the worst who have committed forcible rape."[170] On federal habeas review, this Court can only disturb the Louisiana court's determination if it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[171] Accordingly, the Court looks to the Supreme Court's decisions on excessive sentences in non-capital cases involving adult offenders.

In *Rummel v. Estelle*, the Supreme Court upheld a sentence of life imprisonment with the possibility of parole for the defendant's third nonviolent felony conviction for the crime of obtaining $120.75 by false pretenses.[172] The Court found that "because parole is 'an established variation on imprisonment of convicted criminals,' a proper assessment of Texas' treatment of [the defendant] could hardly ignore the possibility that he will not actually be imprisoned for the rest of his life."[173] The Court opined that the State of Texas had an interest "in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of

---

[168] *Hamdalla*, 126 So. 3d at 626–32.

[169] *Id.* at 632.

[170] *Id.*

[171] 28 U.S.C. § 2254(d)(1).

[172] 445 U.S. 263, 265 (1980). The defendant had previously been convicted of fraudulent use of a credit card to obtain $80 worth of goods and services and passing a forged check in the amount of $28.36. *Id.*

[173] *Id.* at 280–81 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 477 (1972)).

conforming to the norms of society as established by its criminal law."[174] The Court concluded that "the length of the sentence actually imposed is purely a matter of legislative prerogative."[175] Accordingly, the Court held that the sentence did not constitute cruel and unusual punishment.[176]

Following its decision in *Rummel*, the Supreme Court upheld a sentence of 20 years imprisonment for possession of marijuana with intent to distribute and 20 years imprisonment for distribution of marijuana, with the prison terms running consecutively.[177] The Court stated that "*Rummel* stands for the proposition that federal courts should be reluctant to review legislatively mandated terms of imprisonment, and that successful challenges to the proportionality of particular sentences should be exceedingly rare."[178] Accordingly, the Supreme Court found that the Fourth Circuit Court of Appeals erred in affirming the district court's order granting a writ of *habeas corpus*.[179]

*Solem v. Helm* is the only case involving an adult defendant in which the Supreme Court has found that a lengthy prison term violated the Eighth Amendment.[180] There, the defendant was sentenced to life imprisonment without the possibility of parole for issuing a "no account" check for $100.[181] The conviction was the defendant's seventh nonviolent felony conviction.[182] The

---

[174] *Id.* at 276.

[175] *Id.* at 274.

[176] *Id.* at 285.

[177] *Hutto v. Davis*, 454 U.S. 370 (1982) (per curiam).

[178] *Id.* at 374 (citations and quotation marks omitted).

[179] *Id.*

[180] 463 U.S. 277 (1983).

[181] *Id.* at 281–82.

[182] *Id.* at 280.

Court noted that while "[r]eviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishment for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals," no penalty is per se constitutional.[183] The *Solem* Court distinguished the case from *Rummel*, where the defendant was eligible for parole within 12 years, noting that this fact was heavily relied on by the Court.[184] The Court found that the sentence was significantly disproportionate to the crime, reasoning that the criminal conduct was relatively minor, the defendant was treated more harshly than other criminals in the state who were convicted of more serious crimes, and the defendant was treated more harshly than he would have been in any other jurisdiction.[185]

The Supreme Court has rejected proportionality claims in other cases following *Solem*. In *Harmelin v. Michigan*, the Court, in a 5-4 plurality opinion, upheld a sentence of life imprisonment without the possibility of parole for the defendant's first felony conviction of possession of 372 grams of cocaine.[186] The controlling opinion concluded that the Eighth Amendment contains a "narrow proportionality principle," that "does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are grossly disproportionate to the crime."[187] In *Ewing v. California*, the Supreme Court, in a 5-4 plurality opinion, rejected a

---

[183] *Id.* at 290.

[184] *Id.* at 297.

[185] *Id.* at 303.

[186] 501 U.S. 957 (1991).

[187] *Id.* at 997, 1000–01 (Kennedy, J., concurring in part and concurring in judgment).

challenge to a sentence range of 25 years to life for the theft of three golf clubs under California's "three strikes" recidivist statute.[188]

Finally, in *Lockyer v. Andrade*, the Supreme Court, in a 5-4 opinion, found that the Ninth Circuit erred in determining that two consecutive sentence ranges of 25 years to life imprisonment for "third strike" convictions of stealing videotapes valued at $84.60 and $68.84 respectively were not contrary to, or an unreasonable application of, clearly established federal law.[189] The Court stated that a state court decision is "'contrary to [] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"[190] Because the petitioner's sentence in *Lockyear* implicated factors relevant in both *Rummel* and *Solem* and because *Solem* stated that it did not overrule *Rummel*, the Supreme Court held that the state court's denial of relief was not contrary to clearly established federal law.[191] Because "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case," the Supreme Court found that it was not an unreasonable application of clearly established federal law for the California courts to affirm the petitioner's sentence of two consecutive terms of 25 years to life in prison.[192]

---

[188] *Ewing v. California*, 538 U.S. 11 (2003).

[189] *Lockyer v. Andrade*, 538 U.S. 63 (2003).

[190] *Id.* at 73 (quoting *Williams*, 529 U.S. at 405–06)).

[191] *Id.* at 74.

[192] *Id.* at 77.

As discussed above, Petitioner's sentence was the maximum sentence allowed by statute. "[C]ourts must grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes."[193] When a sentence is within the statutory limits prescribed by state law, a petitioner "must show that the sentencing decision was wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in an improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty."[194] Further, when considering the excessiveness of a sentence imposed under a habitual offender law, courts must consider that the sentence imposed is designed to reflect the seriousness of the most recent offense in light of the defendant's prior offenses.[195]

Petitioner asks this Court to compare his sentence to several cases wherein Petitioner contends more serious offenses were committed with lesser punishments. The Fifth Circuit has instructed that such a comparison is made only if the court finds the punishment to be grossly disproportionate to the crime. Here, Petitioner was convicted of forcible rape, a serious offense. He was subsequently adjudicated as a second felony offender. Further, Petitioner's sentence was within the range prescribed by the legislature. The Court does not find Petitioner's sentence to be grossly disproportionate based on Petitioner's offense and criminal history.  Accordingly, the Court concludes that Petitioner is not entitled to relief as he has not established that the state court's denial of relief on this issue was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

---

[193] *Gonzales*, 121 F.3d at 942.

[194] *Haynes*, 825 F.2d at 924.

[195] *McGruder*, 954 F.2d at 316.

Alternatively, even comparing the sentence received to sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions, relief would not be warranted. Louisiana appellate courts have approved the imposition of the maximum sentence in other forcible rape cases.[196] Therefore, Petitioner's sentence is not out of line with other sentences imposed in Louisiana for the same crime. Moreover, Petitioner's sentence is also not entirely inconsistent with sentences imposed for the same crime in other jurisdictions.[197] Petitioner has not demonstrated that his sentence was disproportionate to his offense, unconstitutionally excessive, or otherwise unconstitutional under the circumstances. Accordingly, the Court concludes that Petitioner is not entitled to relief as he has not established that the state courts' denial of relief was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

## D.    *Admission of Prejudicial Hearsay Testimony at Trial*

The Magistrate found that this Court should defer to the state court's decision that the erroneous admission of hearsay evidence was harmless error because Petitioner failed to show that the court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[198] Petitioner

---

[196] *State v. Anderson*, 97-2587 (La. App. 4 Cir. 11/18/98); 728 So. 2d 14 (80-year sentence for forcible rape as a second felony offender was not unconstitutionally excessive); *State v. Jones*, 606 So. 2d 81, 82–83 (La. App. 3 Cir. 1992) (sentence of 80 years at hard labor, first four years to be served without benefit of probation, parole, or suspension of sentence, for crime of forcible rape was not unconstitutionally excessive).

[197] *Palmer v. State*, 679 N.E.2d 887, 889 (Ind. 1997) (affirming 50-year sentence for criminal deviate conduct and 80-year sentence for attempted rape enhanced by the habitual offender conviction); *Manning v. State*, 557 N.E.2d 1335, 1339 (Ind. Ct. App. 1990) (affirming 140-year sentence for two counts of rape and two counts of confinement); *Price v. State*, 518 P.2d 1281, 1283 (Ok. 1974) (80-year sentence for first degree rape was not unconstitutionally excessive).

[198] Rec. Doc. 11 at 45.

objects arguing that the admission of hearsay testimony violated his right to due process under the Fifth and Fourteenth Amendments.[199]

On federal habeas review, where a state court found a constitutional error to be harmless, a federal court may only grant relief if a petitioner can show the error "had [a] substantial and injurious effect or influence in determining the jury's verdict."[200] Petitioner acknowledges that federal habeas relief is precluded where "fairminded jurists could disagree" on the correctness of the state court's determination that a claim lacks merit.[201] However, Petitioner argues that fair-minded jurists would not disagree that the testimony was inadmissible hearsay.[202] Indeed, the Louisiana Fourth Circuit Court of Appeal found that the testimony was hearsay, but found that the admission of the hearsay testimony was harmless because it was cumulative of the victim's testimony.[203] The appellate court's determination that the erroneous admission of hearsay testimony from the victim's mother was harmless is not unreasonable. This Court cannot conclude that the state appellate court's harmless-error determination "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[204] Accordingly, the Court finds that Petitioner has not established that he is entitled to relief on this claim.

---

[199] Rec. Doc. 12 at 12.

[200] *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

[201] Rec. Doc. 12 at 13 (citing *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

[202] *Id.*

[203] *Hamdalla*, 126 So. 3d at 626.

[204] *Harrington*, 562 U.S. at 103.

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Thayer Hamdalla's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this  12th  day of March, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**